### John C. Shannon v. Steamer America and Owners.

Where the consideration of a note due *in presenti* was the acceptance by the plaintiff of the maker's
draft payable at twelve months, by which the latter was enabled to purchase property—*Held :*
That the maker could not resist payment on the ground that the note was not immediately exigible.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
  *T. B. Hart*, for plaintiff and appellant.   *J. Ad. Rozier*, for defendants.

SPOFFORD, J.   We are not prepared to say that the District Judge erred in considering the surety on the attachment bond insufficient. The judgment dissolving the attachment must, therefore, be affirmed.

The exception of prematurity of suit is clearly untenable as to the accounts embraced in the plaintiffs' demand. There is no evidence of any fixed term of credit having been given, and the promises and letters relied upon are too indefinate to constitute an extension of time such as would be available in law to postpone a right of action. There seems to have been no consideration for a contract of the nature alluded to, and the fact that supposed promises subsequent to the date of the account are relied on by the appellant, shows that whatever credit was originally given had expired.

The due-bill presents a greater difficulty. On its face it is payable on demand. It is not a contingent obligation. If it had a valid consideration, we do not perceive any good reason why it should not be exigible at the will of the plaintiff, according to its tenor. The consideration was an acceptance by the plaintiff of the draft of the defendants at twelve months, which enabled the latter to buy the steamboat America. By taking a note due *in presenti* for this acceptance, the plaintiff, perhaps, became absolutely bound on the acceptance. At any rate, he could hardly be considered a mere accommodation acceptor. He had received value for accepting. Nor are we prepared to say that if he were simply an accommodation acceptor, the parties might not lawfully so modify their contract as to give the acceptor the means of indemnifying himself so soon as he should find that he was in danger from the impending insolvency of the drawers. The defendants certainly meant something by giving the due-bill payable on demand; and, without intimating any opinion to the prejudice of third parties who may hereafter complain of this arrangement, we do not think it lies in the mouths of the defendants to deny their own contract, and to say that the due-bill is not now exigible.

It is, therefore, ordered, that the judgment of the District Court dissolving the attachment sued out in this case be affirmed. And it is further ordered, that the judgment dismissing the suit be avoided and reversed, the petition reinstated, and the cause remanded for further proceedings according to law; the costs of this appeal to be borne by the defendants and appellees.